IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO
_____

**UNITED STATES OF AMERICA**,

      Plaintiff,

v.                                  No. 11-cr-3075 BB

**DHANZASIKAM TOLEDO,**

      Defendant.

## MEMORANDUM OPINION

This matter comes before the Court on the United States Government's opposed motion for a continuance of trial [Doc. 21]. For the reasons set forth below, this motion will be GRANTED.

### Background

Defendant Toledo was charged by indictment on December 14, 2011 [Doc. 16], and arraigned on December 21, 2011 [Doc. 17]. His trial is set for February 6, 2012 [Doc 20 at 1]. The only charge is second-degree murder [Doc. 16]. Although the trial is upcoming, certain pretrial matters are still pending. Defendant has yet to respond to a plea offer by the government, which was only extended a few days ago, on January 10, 2012 [Doc. 21 at 2]. The Office of the Medical Examiner has not yet rendered an autopsy report for the victim's body [*id.* at 3]. Thus the Government now moves to delay trial until March, to provide sufficient time for Defendant to consider the plea offer, and for both parties to complete discovery [*id.*].

## Discussion

The Speedy Trial Act of 1974 (the "Act"), 18 U.S.C. § 3161 *et seq.*, requires a federal criminal trial to begin within seventy days from the filing of the indictment, or from the date of the defendant's initial appearance, whichever occurs later. 18 U.S.C. § 3161(c)(1). However, a continuance granted in the ends of justice is excluded from the seventy-day calculation, thus allowing the time limit to expire later. In this case, Defendant's initial appearance was on December 21, 2011, and the time limit is currently set to expire on February 29, 2012. The Government moves for an ends-of-justice continuance until the March trailing docket, which spans the entire month. Thus an ends-of-justice continuance will extend the time for trial by as little as one day or as much as one month.

Ends-of-justice continuances are permitted when the district court has found, on the record, "that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." *Id.* § 3161(h)(7)(A); *United States v. Toombs*, 574 F.3d 1262, 1269 (10th Cir. 2009). A judge must consider:

> (i) Whether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice.
>
> (ii) Whether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section.
>
> (iii) Whether, in a case in which arrest precedes indictment, delay in the filing of the indictment is caused because the arrest occurs at a time such that it is unreasonable to expect return and filing of the indictment within the period specified in section 3161(b) [18 USCS § 3161(b)] or because the facts upon which the grand jury must base its determination are unusual or complex.
>
> (iv) Whether the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or so complex as to fall within clause (ii), would deny the defendant reasonable time to obtain counsel, would unreasonably deny the defendant or the

>Government continuity of counsel, or would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

*Id.* § 3161(h)(7)(B).

The court finds that a continuance in this case furthers the ends of justice. Key evidence in this case has yet to be rendered, as the medical examiner has not finished its investigation, or delivered an autopsy report. Considering the only charge is murder, information on the victim's cause of death is not only relevant and important to this case, but crucially so. *See Tombs,* 574 F.3d at 1272 (delays due to discovery should consider "the nature of the recently disclosed discovery, [and] the relevance or importance of the discovery."). The parties will need time to obtain this material evidence, prepare accordingly, and potentially negotiate a plea. Denying the continuance would deny the parties reasonable opportunity for effective preparation, despite due diligence on their parts. *See id.* § 3161(h)(7)(B)(iv). Proceeding without sufficient time for discovery, preparation, or negotiation would be a miscarriage of justice. *See id.* § 3161(h)(7)(B)(i).

The amount of time sought by the Government is also reasonable. The Government moves to continue trial only until March, the next immediate docket. This extension should be sufficient, without being greater than necessary, for the Government and Defendant to receive the autopsy report and prepare accordingly. This outweighs the interests of the public and Defendant in expediency. Therefore, the Government's motion to continue will be GRANTED.

Dated this 13th day of January, 2012.

*Bruce D. Black*
BRUCE D. BLACK
United States District Judge